UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, DIVISION.


ANDREW CORPUS


V.                    CASE NUMBER: 2:24-CV-174-JES-KCD


SECRETARY, FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES;
DR. CARROLE DEPASS; DR. ROBIN J. WILSON;
COUNSEL ROBERT HINES; & OFFICE OF
REGIONAL CONFLICT COUNSEL.


        PETITION FOR WRIT OF HABEAS CORPUS
CORPUS, IS IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR LAWS
        OR TREATIES OF THE UNITED STATES.


BECAUSE ON 5/31/19, I FILED MY HABEAS CORPUS. AND I HAVE BEEN
IN NEED OF HELP SINCE THEN BECAUSE JUDGE, ALANE LABODA, REFUSED
TO RULE ON IT. AND THAT REALLY PREJUDICE ME BECAUSE I CAN NOT do
ANY THING UNTIL SHE does.


I NEED THIS MIDDLE DISTRICT COURT OF FLORIDA TO ORDER THAT JUDGE, TO
GRANT THESE HABEAS CORPUS, AND RELEASE HIM OR denied, IT SO
I CAN APPEAL IT, TO THESE MIDDLE DISTRICT. and                ANDREW,          CORPUS.
SINCE 5/31/19. ON MY CASE HAS BEEN AN ON-GOING FEDERAL VIOLATION THAT HAS NOT STOP
THUS CONTINUES TO THIS DAY AND beyond UNTIL CAN BE RESOLVED. CORPUS, IS ENTITLED TO
                                                              RELIEF.

24
PAGES

5/28/17.

FEB 26 2024 M1:39
FILED - USDC
MD - FTM

# IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA

ANDREW CORPUS ,
**Petitioner,**

**vs.**

**CASE NUMBER:** 2:24-CV-174-JES-KCD

Secretary, Florida Department of Children and Families;
Dr. Carrole DePass; Dr. Robin J. Wilson; Counsel
Robert Hines; & Office of Regional Conflict Counsel,
**Respondents.**

_____/

## PETITION FOR WRIT OF HABEAS CORPUS

**COMES NOW**, the Petitioner, ANDREW CORPUS , *pro*

*se*, pursuant to Florida Statute §79.01, Fla. R. Civ. P. Rule 1.630, and Article 1,

Section 13 of the Florida Constitution, and hereby moves this Honorable Court to

direct the Respondents to discharge him from their custody on the grounds that

Petitioner is unlawfully imprisoned and therefore states the following as argument:

## ARGUMENT

CORPUS, WAS TRANSFERRED FROM PRISON TO FLORIDA CIVIL COMMITMENT

CENTER ON 12/18/05, HE WAS COMMITTED ON JULY 10, 2007. SINCE HIS

COMMITMENT THE CIVIL COMMITMENT COURT, did NOT APPOINTED COUNSEL

## STATEMENT OF FACTS

1

UNTIL 8/9/16: ALSO THIS COURT HAS JURISDICTION OVER CORPUS, CASE PURSUANT TO U.S.C. § 1331:

## PARTIES

ANDREW CORPUS, (HEREINAFTER CORPUS) IS A COMMITTED RESIDENT HELD AT THE FLORIDA CIVIL COMMITMENT CENTER (HEREINAFTER THE FCCC) UNDER THE DIRECT AUTHORITY OF THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES (HEREINAFTER THE D.C.F) ADDRESS: ANDREW CORPUS, F.C.C.C #990812: CRIMINAL #538654: FLORIDA CIVIL COMMITMENT CENTER 13619 S.E. HWY 70, ARCADIA, FLORIDA 34266:

THE SECRETARY OF D.C.F. IS AN ADMINISTRATIVE AGENCY OF THE STATE OF FLORIDA GOVERNMENT CHARGE WITH CARE AND CUSTODY OF THE RESIDENTS BY VIRTUE OF § 394.9151, (2009) FLORIDA STATUTE. ADDRESS: FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, 1317 WINEWOOD BLVD., BLDG. 1, ROOM 202, TALLAHASSEE, FLORIDA 32399-0700:

DR. CARROLE DEPASS, (HEREINAFTER DEPASS) IS THE PSYCHOLOGIST THAT DOES THE ANNUAL REVIEW: ACTED UNDER THE COLOR OF STATE LAW.

2

DR. ROBIN J. WILSON (HEREINAFTER WILSON) DOES EXAMINATION AND EVALUA-
TIONS OF PSYCHOLOGY FOR THE COURT: ACTED UNDER THE COLOR OF STATE LAW.

ATTORNEY, ROBERT HINES (HEREINAFTER HINES) IS THE ATTORNEY, APPOINTED
BY THE OFFICE OF REGIONAL CONFLICT COUNSEL, ACTED UNDER THE COLOR
OF STATE LAW (HEREINAFTER REGIONAL) ACTED UNDER THE COLOR OF STATE
LAW. AND BY THE COURT TO REPRESENT MR. CORPUS, ADDRESS: 2101 McGREGOR
BLVD, SUITE 101 FORT MYERS, FL 33901.

THESE (5) DEFENDANTS VIOLATED A SUBSTANTIVE AND PROCEDURAL RIGHTS
GUARANTEED CORPUS, UNDER THE CONSTITUTION. SUCH RIGHTS CAN BE INFERRED
FROM (5) OF THE AMENDMENTS CONTAINED IN THE BILL OF RIGHTS, SEE BELOW.

1) STANDING N.(1924) A PARTY'S RIGHT TO MAKE A LEGAL CLAIM OR SEEK
JUDICIAL ENFORCEMENT OF A DUTY OR RIGHT * TO HAVE STAN-
DING IN FEDERAL COURT, PETITIONER, MUST SHOW (1) THAT THE

challenged conduct has caused the petitioner actual injury, and (2) that the interests sought to be protected is within the zone of interest meant to be regulated by the statutory constitutional guaranteed in question.

2) Article III of the constitution limits the jurisdiction of Federal courts to actual cases or controversies between proper litigants, FL Audubon society v. Bentsen, 94 F. 3d 658, 661 (D.C. CIR, 1996) to establish constitutional standing petitioner must have suffered or be imminently threatened with a concrete and particularized injury in fact that is fairly traceable to the challenged action of the defendants and likely to be redressed by a favorable judicial decision. Lexmark INT'l Inc. V. Static Control Components Inc. ... U.S. ... 134 s. Ct. 1377,1386, 188L, Ed 2d 392 (2014), See also Lujan V. Defenders of wildlife, 504 U.S. 555, 560, 112 S.CT. 2130, 119 L.ED. 2d 351 (1992).

3) The requirements for standing differ whereas here petition. Seeks to enforce (Substantive and procedural) rights. When petitioner. Challenge an actual action taken without required procedural safeguards, they must establish the agency action threatens their concrete interests. FL Audubon soc'y. 94 F. 3d at 664. It is not enough to assert a mere general interest in the alleged substantive and procedural violation common to all member of the public. 1d. once that threshold is satisfied, the normal standards for immediacy and redressability are relaxed.

4) Lujan, 504 U.S. at 572 N. 7, 112 S.CT.2130, petitioner need not demonstrate that but for the substantive and procedural violation would necessarily alter the final effect of the agencies action on the petitioner, interest. 1d. rather if the petitioner can demonstrate a

casual relationship between the final agency action and the alleged injuries, the court will assume the casual relationship between the substantive and procedural defect and the final agency action.

5) Hines, and regional, in intentional misconduct under Color of State Law, by virtue of conspiratorial action with the secretary, Depass, and Wilson, to deprive' Corpus, of his federal rights.

6) The act has kept Corpus, detained for over ten (10) years without any attorney in violation of his 6th amendment rights. See Cronic, 466 U.S. 648, 658-59 (1984), and "prejudice" Corpus. Corpus is establishing Federal Standard for Ineffective Assistance of Counsel by abandoning Corpus case for a number of years without any communication. He was so deficient Corpus was deprived of his right to counsel. On Corpus case, it has been an actual or constructive denial of the assistance of counsel altogether. Strickland, 466 U.S. at 692, see also Mickens v. Taylor, 535 U.S. 162, 166 (2002) and Corpus, was prejudice. The restrictions on his liberty were designed to inflict extra punishment for his sex crimes, and violated his Substantive Due Process Rights;

7) From 12/18/05, I was in confinement all the way up to 10/22/16. During that period of time, I receive 3 call-out to see Depass, for the purpose of Annual Report. See Jackson v. State, 802 SO. 2d 1213 (Fla. 2d – DCA 2002) and Ivey v. Dept. of Children and Families,974 So. 2d 480, 483 (Fla. 2d DCA 2009).

8) Corpus, Show (1) the existence of a state enforced custom and usage that deprived the sex offenders of their federal rights. (2) The secretary, Depass, and Wilson had a meeting of their minds with Hines, and regional, and thus reached an understanding to deprive Corpus of his Constitutional Federal Rights. Motivated by that state enforced custom and

usage. (3) Much like Corpus, there are a number of residents at F.C.C.C. who do not see Dr. rarely see their attorney or specially any psychologist. Who should be working to help us.

9)   The substantive scheme created by that state enforced custom and usage obviously is the product of state action, This is subject to constitutional restraints and properly maybe addressed in a habeas Corpus, action.

10)  Where, in the absence of the overt elements of a conspiracy constitutional rights are violated by widespread Habitual practices or conventions regarded as prescribing norms of conduct and supported by common consent, or official or unofficial community sanctions in short, custom and usage. Where violation of constitutional rights is customary. The violation is by definition, widespread and enduring, and therefore worthy of congressional response, as I read the Habeas Corpus that response was made in the provision of a remedy against.

11)  Every person who, under color of any *** custom, or usage of any state *** subjects, or causes to be subjected, any citizen of the United States or other person within the Jurisdiction there of to the deprivation of any rights, privileges or immunities secured by the constitution. ***

12)  On 8/9/16, They took me to court for the first annual review since I come to F.C.C.C. This means that Corpus, was without any attorney or annual review or evaluations for 10 years and 8 months since Corpus, came to F.C.C.C. on 12/18/05, and also without any sue process of law, on that day the court appointed Hines to my case, and on that day was the last time I heard or seen this counsel and today is 2/16/19, or seen or heard from Depass or Wilson, for any reason, this conditions of his confinement violate his constitutional rights to equal protection and substantive due process.

13) Corpus, was transferred from prison to FCCC on 12/18/05. He was committed on July 10, 2007. Since his commitment the Civil Commitment Court has not appointed Counsel. And Counsel, if appointed, has not come to see me or correspond with Corpus concerning his entitlement to annual reviews and evaluations in violation of both his substantive and procedural right to which the law entitled him. See 120 S.C.T. 1495, 529 U.S. 362, Williams v. Taylor, (U.S. 2000) at 529 U.S. 393 and *1513). Corpus, established a deprivation of protected interested in life, liberty, or property. See Bank of Jackson City v. Cherry, 980 F. 2d 1362, 1366 (11th Cir. 1993);

14) On-11-Corpus, appealed to the Florida Supreme Court. The Court answer back on 1/10/18.

15) The Secretary, Depass, and Wilson, acting under color of state law somehow reached an understanding and willfully conspired together with Hines and Regional with the specific intent to deprive Corpus of his federal rights by prevention or hindering Corpus' free exercise or enjoyment of any right or privilege. So secured by fourteenth amendment of the United States not be deprived of life or liberty without due process of law. By person acting under color of the laws of the State of Florida.

16) By looking at the record Corpus, proved that the Defendants, the Secretary of the Department of Children and Families, Dr. Depass, Dr. Wilson, Counsel, and the Office of Regional Conflict Counsel, these (5) Defendants, (1) has deprived Corpus of a right secured by the constitution and laws of the United States. (2) Corpus, show that the Defendants deprived Corpus, of this constitutional right under the color of any statute, ordinance, regulation, custom, or usage, on state or territory. The Defendants acted under color of law.

17) (3) This conspiracy is a direct violation of Corpus, clearly established Fourteenth Amendment Equal

Protection Right. See Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5L. Ed. 2d 492 (1961), See also The

Bill of Rights Handbook, Copyright (2005) at page 126-■■.

18) This is Corpus, concrete and particularized injury in fact that is fairly traceable to the challenged

action of the Secretary of DCF, Dr. Depass, Dr. Wilson, Counsel Hines, and the Office of Regional

Conflict Counsel;

19) Corpus, claim that the act is unconstitutional as being procedurally defective under the substantive

constitutional law because that act has been keeping him improperly detained after expiration of his

sentence. Dr. Depass, knew that Corpus, was not examined as required by section 394.918 (1). He

was not timely provided with written notice of his right to petition the committing court for release

as required by section 394.918 (2) and the committing court did not conduct the limited probable

cause hearing as required by section 394.918 (3),

20) The fifth and fourteenth amendment prohibit the state government from depriving an inmate of life,

liberty, or property. Without due process of law. See the Bill of Rights Handbook copyright (2005).

At page 21-■■; for the 14th amendment See pages 126;

21) In Corpus, case the action of this state actors has been a complete denial of counsel, for over 10

years See 104 S. CT. 2039, 466 U.S.. 648, U.S. v. Cronic, (U.S. Okla. 1984)(at 466 U.S..658-59);

22) On Corpus case has been an actual or constructive denial of the assistance of counsel altogether. See Strickland, 466 U..S. at 692: and prejudice corpus, because he remained committed.

23) See 122 S. CT. 1237, 535 U.S.162: Mickens V. Taylor, (U.S. 2002) at (535 U.S. 166) Corpus, is alleging a Sixth Amendment violation and demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different ID., at 694, 104 S. Ct. 2052: also See the Bill of Rights Handbook copyright (2005) at page 43.

24) Williams, 529 U.S. at 392-93, in Williams, the Supreme Court stated that there are … situations in which it would be unjust to characterize the likelihood of a different outcome as legitimate prejudice. Id. At 931-92, only in the cases where the defendant is deprived of something other than an actual substantive or procedural right owed to him will this additional analysis into fundamental fairness be appropriate.

25) The Williams Court made it clear that the additional inquiry into fundamental fairness should be rare and that the exceptions laid out in Nix and Lackhart should be applied narrowly and do not justify a departure from a straightforward application of Strickland when counsel's ineffectiveness deprives the defendant of a substantive or procedural right to which the law entitles him. Williams, 529 U.S. at 393: See also Glover v. U.S. 531 U.S. 198, 202-4 (2001) (A6-months increase in petitioner's sentence. Allegedly cause by defective performance of defendant counsel, prejudicial because sufficiently significant to render the defendant's trial fundamentally unfair.

26) The first clause of the Fourteenth [Fourth] Amendment provides that the right of the people to be secure in their person's, houses, papers, and effects, against unreasonable searches and seizures,

✓ shall not be violated….This text protects two kinds of expectations, one involving searches, the other seizures. A searched occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A seizure of property occurs when there is some meaningful interference with an individual; possessory interests in that property. United States v. Jacobsen, 466 U.S. 109,113, 104 S.CT. 1652, 1656, 80L.ed. 2d 85 (1984). See also the Bill of Rights, Copyright (2005), at pages 19-20.

27) Corpus, got possessory interest in his substantive and procedural right. And it amounts to a legitimate claim of entitlement as his property within the meaning of the hue process clause,. This holding is compelled by Parratt V. Taylor, 451 U.S. 527, 101 S.CT. 1908,68 L. Ed. 2d 420(1981), In which we held that a $23,50 hobby kit which had been mail-ordered but not received by a prisoner was property within the meaning of the due process clause. See Id. At 536, 101 S.CT. at 1913. See also the Bill of rights, Handbook copyright book) at page 19

28) 104 S.CT. 3194, 468 U.S. 517, Hudson V. Palmer, (U..S. VA.1984) However, an interest cannot qualify as property within the meaning of the due process clause unless it amount to a legitimate e claim of entitlement. (FN11) Thus in part (468 U.S. 545) 11-13 of its opinion the court necessarily indicates that Palmer had a legitimate claim of entitlement to the material at issue.

29) It is well settled that once a state creates such a constitutionally protested interest, the constitution forbids it to deprive even a prisoner of such an interest arbitrarily. (FN 12) thus , Palmer had a legitimate right under both state law and the due process clause to possess the material at issue, That being the case, the court's own analysis indicates that Palmer had a legitimate possessory interest in the material within the fourth amendment proscription on unreasonable seizures".

30) 3211 second the most significant of "Corpus", possessory interest are protected as a matter of substantive constitutional law, entirely apart from the legitimacy of those interests under state law or the due process clause. The eighth amendment forbids cruel and unusual punishments. Its proscriptions are measured by society's evolving standards of decency. Rhodes V. Chapman, 452 U.S. 337, 346-347 101 S. CT. 2398-2399, 69L Ed. 2d 59 (1981) Estelle V. Gamble, 429 U.S. 97, 101-103, 97S. CT. 285,290,50 L. Ed.2d 251 (1976).

31) The court's implication that prisoners have no possessory interest that by virtue of the fourth amendment are free from state interference cannot, in my view, be squared with the eighth amendment. To hold that a prisoner's possession of a letter from his wife, or a picture of his baby, has no protection against arbitrary or malicious perusal. Seizure, or destruction would not, in my judgment,  comport with any civilized standard of decency.

32) Corpus, has a personal stake in the outcome of the writ of habeas Corpus throughout all stages of federal judicial proceedings. U.S.C.A. cont. art. 3ss2, Cl1. United States v. Verdin, 243F. 3d 1174, 1177(9th Cir) Cert. denied 534 U.S. 878,122 S.CT. 178, 1551 L. Ed. 2d 123 (2001).

33) Whether the conduct complained of was committed by  persons acting under color of state law, and (2)  whether this conduct deprived a person of rights, privileges or immunities secured by the constitution or law of the United States.

34) Corpus, rights were violated. The right that was violated was clearly established, and the secretary, of D.C.F. Dr. Depass; Dr. Wilson; counsel, Hines; and the office of regional conflict counsel; were personally responsible for the violation of corpus, rights;

35) Corpus, was transferred from prison to F.C.C.C. on 12/18/05, the state filed the petition 3 days prior to his transfer. See Tanguay V. State, 782 SO.2d 417 (FLA. 2d DCA 2001), and Kinder V. State, 779 SO. 2d 512 (FLA. 2d DCA 2000), Review granted. 786 SO. 2d1189 (FLA. 2001) . and also see Allen V. State, D1241. (FLA. App. 2 Dist. 2004) at 6-7, 873 SO. 2d 576, 29 FlA. L. Weekly. D1241.

36) In Tanguay, a person detained under the act alleged that he was being illegally detained following the expiration of his criminal sentence because his commitment proceeding had not been timely filed.. Tanguay, 782 SO. 2d at 421, this court ordered Tanguays release noting that the only adequate remedy to address the state's Failure to comply with the requirements of the act or to afford Tanguay even minimal constitutional protections is 12*16 to order Tanguay release from Custody pending his commitment hearing. Id.

37) In Kinder, on the date that Kinder was scheduled to be released from prison the state filed a petition see-king to have him committed under the act, Kinder 779 SO.2d at 514. The trial court at an ex parte hearing. Found probable cause to believe that Kinder was a sexually violent predator, and ordered that he be held pending a commitment hearing. When Kinder was later brought before the trial court, he moved to dismiss the commitment proceeding on the basis that he had not been timely brought to trial. Id. This court found that Kinder was improperly detained after the expiration of his prison sentence. We noted that the state failed to comply with the requirements of the act and did not afford Kinder even minimal due process. Id. At 515, because of the delay in conducting the initial commitment trial to determine whether Kinder was a sexually violent predator. Kinders release was

ordered. The opinion stated that release was the only remedy that will adequately redress the violation. Id.

38) See 873 SO.2d 576, 29 FLA. L. Weekly D1241, Allen V. State (FLA. App. 2 Dist. 2004) at (6) (7) on page 3. Our holding in this case ensures that committed persons under the act receive procedural due process. Civil Commitments under the act constitute significant deprivation of liberty that require due process protection. See State V. Goode, 830 SO. 2d 817, 825 (FLA. 2002). Procedural due process requires both fair notice and a real opportunity to be heard. Keys citizens for responsible gov't inc. V. Keys aqueduct, 795 SO. 2d 940, 948 (FLA. 2001). In the present case the trial court continued the petitioner's commitment without appointing counsel to represent him, Mr. Allen was afforded no opportunity to be heard nor apparently, was he notified of the trial court's ruling in his case. Without doubt, this was a procedural due process violation.

39) Corpus, case is from 6/2/92, so his case is under the act commonly referred to as the Jimmy Ryce act. Found in section 916. 31 to 916.49, Florida Statutes (sup. 1998) and not on the amended and renumbered by the legislature in chapter 99-22, laws of Florida.

40) (1) article 1 of the constitution provides that the states shall not pass ex post facto laws. art. 1,,ss9, CI.3: art.1ss 10 CI l. The ex post facto prohibition forbids the enactment of a law imposing additional punishment on that prescribed at the time the offense was committed. Weaver V. Graham. 450 U.S. 24, 28, 101 S.CT. 960, 963,67 L. Ed. 2d 17 (1981) In order for a law to be ex post facto, (1) it must be retrospective applying to events occurring before enactment , and (2) it must disadvantage the prisoner. Id. At 29, 101 S.CT. at 964

41) The law, however. Need not impair A vested right. Id.: See Devine V. New Mexico Dep't of Corrections., 866F.2d 339, 342 (10thCIR. 1989).(Certain retrospectively applied post offense restrictions for supervised release are in violation of the ex post facto clause). Thus, even

when a statute merely alters penal provisions accorded by the grace of the legislature, it violates the clause if it is both retrospective and more onerous than the law in effect on the date of the offense. Ekstrand V. Oklahoma, 791P. 2d 92, 94 (Okla. CRIM. APP. 1990). (Citing * 282 Weaver, 450 U.S.at 30, 101 S.CT. at 965;

42) Defendants the secretary, Dr. Depass, Dr. Wilson, Counsel Hines, and the office of regional conflict counsel, conduct did rise to the level of gross negligence in a willful deprivation of corpus, Federal rights, between defendants the secretary, Dr. Depass Dr. Wilson. Counsel, Hines, and the office of regional conflict counsel, (U.S.C.A. § 1986) all of them failed to prevent the violation of the clearly established substantive constitutional law. (this is a § 28 U.S.C. 2254 Cause of Action).

43) the deprivation of corpus, Federal rights has happened because the secretary, Dr. Depass, Dr. Wilson, Attorney Hines, and the office of regional conflict counsel. Policy or custom was the moving force behind the constitutional violation. City of Oklahoma City V. Tutle , 417 U.S. 808 at 820(1985) and that deprivation Id. At 823-24, was caused by the secretary, Dr. Depass, Dr. Wilson, counsel Hines, and the office of regional conflict counsel, policy or custom maker. Santiago V. Felton, 891 F.2d 381(1st Cir. 1989)

44) The secretary, Dr. Depass, Dr. Wilson, counsel , Hines. And the office of regional conflict counsel, actions were motivated by evil motive or intent or involved reckless and callous disregard for Corpus, rights as well as intentional violation of Federal Law. Blissett V. Coughlin, N. 94-2527, 1995 W.L. 565(2d Cir. 25, 1995), Tutle V. Raymond, 494 A.2d 1353, 1261(ME 1985).

45) Corpus, claim substantive due process violation. Corpus, is alleging that the governmental conduct in question would remain unjustified even If it were accompanied by the most stringent of procedural safeguard see Gilmere V. City of Atlanta, 774 F.2d 1495, 1500(11th Cir. 1985), (ENBANC), cert. denied 476 U.S. 1115, 106 S.CT. 1970,90L.Ed.2d65f4(1986),

46) The act has keep me illegally detained since 12/18/05, without any attorney or psychologist in violation of the cruel and unusual punishment, the eighth amendment forbids the infliction of cruel and unusual punishment. Estelle V. Gamble, 429 U.S. 97, 97 S.CT. 288, 50L.Ed.2d 251(1976), and the violation of the due process clause of the United States Constitution. Prison are not beyond reach of the constitution. No iron curtain separates one from the other. Wolf V. McDonnell, 418 U.S. 539, 555, 94 S.CT. 2963, 2974,41L. Ed.2d 935(1974), see also the bill of rights. Handbook copyright (2005), At page 49; and is incorporated through the fourteenth amendment. So as to be applicable to the state. See the bill of rights handbook copyright (2005) at page ~~126~~ and section(1) on page 127;

47) See Wilson V. Seiter, 501 U.S. 294, 297-303,(1991)* 8th amendment prohibits only cruel and unusual punishment and the infliction of punishment is a deliberate act intended to chastise or deter, the Wilson court reasoned that if the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify as cruel and unusual punishment. Id at 300.

48) Counsel. Hines, and the office of regional conflict counsel, with the assistance of the secretary, Dr. Depass, and Dr. Wilson, violated petitioner Corpus, right to the effective assistance of counsel under Strickland V. Washington,  466 U.S. 668, 104S.CT. 2052,80Led.2d 674. Both counsel's performance fell below and objective standard of reasonableness, 466 V. S. at 688, 104 S.CT. 2052.

49) And (2) the deficient performance prejudice the defense, there is a reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different, id. At 694, 104 S.CT. 2052, because the Strickland test qualifies as clearly established federal law, as determined by the supreme court, this courts precedent dictated

that the district court apply the test in entertaining Corpus, ineffective assistance claim see Teague V. Lane, 489 U.S 288,301,109 S.CT. 1060, 103 L. Ed.. 2d 334,Pp. 1511-1512.

50) I was in confinement because I refused to live with another sex offender on the some cell from 12/18/05, all the way up to 10/22/16, that the director. Dr. Sawyer, come to see me and offer me a single room and $ 80.00 a month for cleaning the shawer. He did not say nothing about going to any "GROUP". On 2017 they asked me why I do not go to group. I told them I will all says refused to any group, so they fire me. And reduce my level from 5,to4, see Spivey v. State,(FLA.APP.5 Dist. 2012),100 so.3d 1254, 37FLA. L. Weekly D252,(section 394.918(3) Florida Statutes (2010), contains no requirement that the committed person must complete the treatment program established by the Florida Civil Commitment Center, the statute sets forth the standard that must be met; "that the persons condition has so changed that he is safe to be at large that he will no longer engage in acts of sexual violence. See(1)(2)(3);"

51) When they sent me to prison we stop at the Reception Center in Orlando Florida, and they did a full body and cavity search, on me. After that I went from one prison to the next prison or the outside hospital or court with only he hands Cuffs in front of me. And they did not do another full body and cavity search on me again.

52) At the F.C.C.C. every time for any reason when they sent you to outside-court-Doctor, they place you in shackles, Cuffs and chain black-box tied to your belt. Even so, you have two (2) officers with you at all-time one is holding onto your shirt/arm, and the other one farther away with the weapon. Upon return to F.C.C.C. the resident is subjected to a full body and cavity, search, every time;

53) Years back we put a medical sick-call request and you will be call at the next day. Now you filed a medical sick-call request. And you will be on the next week call-out. No matter how

sick you are. The medical department is not even licensed for health care: that means that Florida agency for health care administration (AHCA) has no presence at the F.C.C.C.

54) When you get a DR they serve you with it within the proper time frame of 24 HRS. but most of the time they serve you at any time sometimes 2 or 3 days later. And sometimes they come up with 2-3-4-5-even6 different charges for the same DR. and sometimes they give you a DR. and on the some DR. they put you on investigation. All this as the court knows is illegal and without any due process of law.

55) Corpus, alleged that the conditions of confinement at the F.C.C.C. are punitive and do not comport with due process. Corpus., alleged that since he was transferred on 12/18/05, he had been subject to conditions more restrictive than those place on prison. And there are not reasonably related to a legitimate non punitive goal. As residents were abused, confined illegal and placed under excessive security. And inadequate treatment.

56) Wherefore, Corpus, Prays for judgment in his favor against the secretary, and others state actors for unnecessary infliction of pain and mental anguish that he suffered for over 10 years. Due to the deliberate indifference and intentional misconduct of the secretary, and others state actors: Corpus, respectfully prays that this court enter judgment granting Corpus, a declaration that the acts and admissions described herein violated corpus, fights under the constitution, and laws of the United States and that this Honorable Court Release Corpus from this unconstitutional Restraint.

*Andrew Corpus,*

57) THE WAY HE SEE IT P.C.C.C. WAS DESIGNED AND MANAGED TO PUNISH AND CONFINE SOME OF US FOR LIFE WITHOUT ANY HOPE OF RELEASE TO A LESS RESTRICTIVE SETTING. CORPUS, CLAIM THAT THE STATUTE by ITS OWN TERMS IS UNCONSTITUTIONAL AS APPLIED TO US. CONCLUSION "THE ACT IS RETRIBUTIVE, SERVED AS A DETERRENT, OR REQUIRED A FINDING OF SCIENTER. MENDOZA-MARTINEZ MAKES CLEAR THAT A SANCTION IS PUNITIVE IF IT WILL PROMOTE A TRADITIONAL AIM OF PUNISHMENT—RETRIBUTION. 372 U.S. AT 168-169, 83 S. CT, AT 567-568."

58) SCIENTER (SI-EN-TAR OR SEE), N. (LATIN KNOWINGLY) (1824) 1. A DEGREE OF KNOWLEDGE THAT MAKES A PERSON LEGALLY RESPONSIBLE FOR THE CONSEQUENCES OF HIS OR HER ACT OR OMISSION ;
THE FACT OF AN ACT'S HAVING BEEN DONE KNOWINGLY, ESP. AS A GROUND FOR CIVIL DAMAGES OR CRIMINAL PUNISHMENT.
2. A MENTAL STATE CONSISTING IN AN INTENT TO DECEIVE, MANIPULATE, OR DEFRAUD.
IN THIS SENSE, THE TERM IS USED MOST OFTEN IN THE CONTEXT OF SECURITIES FRAUD.

57) I CALL IT FOR WHAT IT REALLY IS, "CONSTRUCTIVE FRAUD";
SEE MORRISON V. BACK YARD BURGERS, INC.,
91 F. 3d 1184, 1187-88 (8TH CIR. 1996),
ALSO SEE BLACK'S LAW DICTIONARY, 5TH EDITION
                AT PAGE 595.

60) THE LAST TIME THAT I SEE DR. WILSON, WAS ON 2015. THE LAST
TIME THAT I SEE DR. DEPASS, WAS ON 2016, EVEN SO THAT SHE
WORK AT F.C.C.C. THE LAST TIME THAT I SEE COUNSEL, HINES, WAS
IN COURT ON 8/9/16, I did NOT HAVE ANNUAL REVIEW OR
EVALUATION ON 2017, OR SEE DR. DEPASS, OR DR. WILSON, OR
COUNSEL, HINES,

61) I did NOT HAVE ANNUAL REVIEW OR EVALUATIONS OR SEE
DR. DEPASS, OR DR. WILSON, OR COUNSEL. HINES, ON 2018, I
did NOT HAVE ANNUAL REVIEW OR EVALUATIONS OR SEE THE
DRS OR THE COUNSEL, AND TODAY IS 3/30/19,
CORPUS, IS INJURY INFACT, BECAUSE ON HIS CASE HAS BEEN AN
ACTUAL OR IMMINENT INVASION OF HIS LEGALLY PROTECTED
INTEREST, OF HIS SUBSTANTIVE and PROCEDURAL RIGHTS. SEE
(529 U.S. 393)

62) CORPUS, SHOW THAT THERE IS A REASONABLE PROBABILITY THAT BUT
FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT... WOULD
HAVE BEEN different. STRICKLAND, 466 U.S. AT 694, 104 S.
CT. 2052. A REASONABLE PROBABILITY IS A PROBABILITY SUFFICIENT
TO UNDERMINE CONFIDENCE * 1514 IN THE OUTCOME.
I WAS TRANSFERRED FROM PRISON TO F.C.C.C. ON 12/18/05, THE FIRST
AND ONLY ANNUAL REVIEW AND EVALUATION WAS COMPLETED ON
8/9/16, SINCE CORPUS, COME TO F.C.C.C. IT HAS BEEN ON HIS CASE
AN ON-going FEDERAL VIOLATION THAT HAS NOT STOPT. THUS
CONTINUES TO THIS DAY AND beyond. UNTIL CAN BE RESOLVED.


CORPUS IS ENTITLED TO RELIEF.
and
ANDREW          CORPUS

63) UNDER SUCH CONDITIONS, CORPUS, HAS NOW SERVED LONGER IN PRISON FOLLOWING THE COMPLETION OF HIS SENTENCE THAN HE did ON THE SENTENCE ITSELF.

64) TODAY IS 5/6/19, AND I STILL don'T SEE DR. DEPASS, DR. WILSON, COUNSEL HINES, OR COUNSEL REGIONAL, CORPUS, CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS dEFINED IN STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S. CT. 2052, 80 L. Ed. 2d 674 (1984), WAS VIOLATED.

65) IN 81 S. CT. 1752, 367 U.S. 497, POE V. ULLMAN, (U.S. CONN. 1961) MR. JUSTICE BRENNAN RECENTLY (367 U.S. 516) STATED, THE BILL OF RIGHTS IS THE PRIMARY SOURCE OF EXPRESSED INFORMATION AS TO WHAT IS MEANT by CONSTITUTIONAL LIBERTY. THE SAFEGUARDS ENSHRINED IN IT ARE deEPLY ETCHED IN THE FOUNDATIONS OF AMERICA'S FREEDOMS. THE BILL OF RIGHTS AND THE STATES (1961), 36 N.Y.U.L. REV. 761. 776. WHEN THE FRAMERS WROTE THE BILL OF RIGHTS THEY ENSHRINED IN THE FORM OF CONSTITUTIONAL GUARANTEES THOSE RIGHTS -- IN PART "SUBSTANTIVE", IN PART PROCEdURAL--WHICH EXPERIENCE INdICATED WERE INdISPENSABLE TO A FREE SOCIETY. SOME WOULD disAGREE AS TO THEIR IMPORTANCE: THE dEbATE CONCERNING THEM did INdEEd START bEFORE THEIR AdOPTION AND HAS CONTINUEd TO THIS dAy. yET THE CONSTITUTIONAL CONCEPTION OF dUE PROCESS MUST, IN MY VIEW, INCLUdE THEM ALL UNTIL AND UNLESS THERE ARE AMENdMENTS THAT HAS INdEEd bEEN THE VIEW OF A FULL COURT OF NINE JUSTICES. THOUGH THE MEMBERS *1763 WHO MAKE UP THAT COURT UNFORTUNATELY did NOT SIT AT THE SAME TIME. (FN8).

28 U.S.C. §2254 State Custody: Remedies in Federal Court

(A) The Supreme Court. A Justice thereof, a Circuit Court Judge, or a District Court shall entertain an application for Writ of Habeas Corpus in behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or Laws or Treaties of the United States.

(B)(1) An application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that

(a) The Applicant has exhausted the remedies available in the courts of the State; or

(b)(i) There is an absence of available State corrective process; or
(ii) Circumstances exist that render such process ineffective to protect the rights of the Applicant.

(2) An application for a Writ of Habeas Corpus may be denied on the merits, notwithstanding the failure of the Applicant to exhaust the remedies available in the court of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(C) An Applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(D) An application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(E)(1) In a proceeding instituted by an application for a Writ of Habeas Corpus by a person in custody to the judgment of a State court a determination of a factual issue made by a State shall be presumed to be correct. The Applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

    (2) If the Applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the Applicant shows that

        (a) The claim relies on
            (i) A new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
            (ii) A factual predicate that could have been previously discovered through the exercise of due diligence; and

        (b) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the Constitutional error, no reasonable fact-finder would have found the Applicant guilty of the underlying offense

(F) If the Applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support he State court's determination of a factual issue made therein, the Applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the Applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under existing facts and circumstance what weight shall be given to the State court's factual determination.

(G) A copy of the official records of the State court, duly certified by the Clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

(H) Except as provided in section 408 of the Controlled Substance Act, in all proceedings brought under this section, and any subsequent proceedings on review,

the court may appoint counsel for an Applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority.  Appointment of counsel under this section shall be governed by section 3006A of Title 18.

(1) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254.

ANDREW CORPUS,
Florida Civil Commitment Center
13619 S.E. Highway 70                5/28/19
Arcadia, Florida 34266

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT

IN AND FOR LEE COUNTY, FLORIDA


ANDREW CORPUS

V.                          CASE#

                            TO BE APPLY BY THE CLERK.
SECRETARY, DEPARTMENT OF

CHILDREN AND FAMILIES,

DR. CARROLE DEPASS,

DR. ROBIN J. WILSON,

COUNSEL, ROBERT HINES

AND THE OFFICE OF REGIONAL CONFLICT COUNSEL,


                    NOTARIZED OATH

BEFORE ME, THE UNDERSIGNED AUTHORITY, THIS DAY PERSONALLY APPEARED

ANDREW CORPUS, WHO FIRST BEING DULY SWORN SAID THAT HE IS THE PETITIONER

IN THE ABOVE STYLED CAUSE. THAT HE HAS READ THE FOREGOING WRIT OF

HABEAS CORPUS, AND HAS PERSONAL KNOWLEDGE OF THE FACTS AND MATTERS

THEREIN SET FOR AND ALLEGED AND THAT EACH AND ALL OF THOSE FACTS AND

MATTERS ARE TRUE AND CORRECT.

                                    ANDREW CORPUS, 538654.

SWORN AND SUBSCRIBE TO BEFORE ME.

ON THIS day 28th OF MAY          2019,

PAMELA CELESTA RUTH
Notary Public - State of Florida
Commission # GG 8*611
My Comm. Expires Jul 30, 2019

PERSONALLY KNOWN

PRODUCE IDENTIFICATION    ✓

TYPE OF IDENTIFICATION PRODUCED. FCCC ID

                                    NOTARY PUBLIC STATE OF FLORIDA